United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 16-16152-ref
Michael Manfredis Urquiza, SR                                           Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4          User: admin              Page 1 of 1              Date Rcvd: Dec 23, 2016
                              Form ID: 318             Total Noticed: 15

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 25, 2016.
```
db            +Michael Manfredis Urquiza, Sr.,    128 East Goepp Street,    Bethlehem, PA 18018-2832
smg           +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                Allentown, PA 18101-1603
smg            City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg           +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg           +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
13784960      +Candida Trejos,    128 East Goepp Street,    Bethlehem, PA 18018-2832
13784963       Medical Payment Data,    na,    na, PA 18015
13784964      +Nation Star Mortgage,    8950 Cypress Waters Blvd,    coppell, TX 75019-4620
13784965      +Nationstar Mortgage,    8950 Cypress Waters Blvd,    Coppell, TX 75019-4620
13784968       Progressive Phisician,    na,    Bethlehem, PA 18015
13784969      +Sterling Gethers,    1738 West Broad st,    Bethlehem, PA 18018-3324
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg           +E-mail/Text: robertsl2@dnb.com Dec 24 2016 00:46:31      Dun & Bradstreet, INC,
                3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 24 2016 00:46:04
                Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 24 2016 00:46:39      U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13784961      +EDI: CHASE.COM Dec 24 2016 00:33:00      chase,    PO Box 15298,    Wilmington, DE 19850-5298
                                                                                              TOTAL: 4

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13784957       Americollekct Inc,   na
13784958       Berks Credit & Coll,   na
13784959       Berks Credit and Collection
13784967       PORTFOLIO RECOVERY SERVICES
13784966       Portfolio RC,   na
13784970       VERIZON
13784971       WFF Auto
13784962       discover
                                                                                   TOTALS: 8, * 0, ## 0
```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 25, 2016                                   Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 22, 2016 at the address(es) listed below:
```
              BRIAN C. EVES    on behalf of Debtor Michael Manfredis Urquiza, Sr. BrianEvesLaw@gmail.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Nationstar Mortgage LLC bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              MICHAEL H KALINER     mhkaliner@gmail.com,    pa35@ecfcbis.com
              MICHAEL H KALINER    on behalf of Trustee MICHAEL H KALINER mhkaliner@gmail.com,   pa35@ecfcbis.com
              THOMAS I. PULEO    on behalf of Creditor    Nationstar Mortgage LLC tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 6
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Michael Manfredis Urquiza Sr.** <br> First Name   Middle Name   Last Name | Social Security number or ITIN   **xxx–xx–8556** <br> EIN    _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ <br> EIN    _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Eastern District of Pennsylvania** | | |
| Case number:   **16–16152–ref** | | |

# Order of Discharge                                                                                                                12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Michael Manfredis Urquiza Sr.

12/22/16                                                                              **By the court:**   Richard E. Fehling
                                                                                                           United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                                    **Order of Discharge**                                          page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318    **Order of Discharge**    page 2